IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 07-cv-00210-PSF-PAC

JAMAL AMAN ALI,

    Plaintiff,

v.

ALBERTO R. GONZALES, Attorney General of the United States;
ROBERT MUELLER III, Director of the Federal Bureau of Investigation;
MICHAEL CHERTOFF, Secretary of the Department of Homeland Security;
EMILIO GONZALEZ, Director, United States Citizenship and Immigration Services; and
MARY MISCHKE, Acting Denver District Director of United States Citizenship
and Immigration Services,

    Defendants.

## ORDER DENYING MOTION TO DISMISS AND SETTING HEARING DATE

Plaintiff Jamal Aman Ali seeks adjudication of his application for naturalization pursuant to section 336(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1447(b). The matter is before the Court on Defendants' Motion to Dismiss (Dkt. # 9), filed on March 9, 2007, in which defendants request that the Court dismiss the complaint under F.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction; alternatively, defendants request that the matter be remanded to the Federal Bureau of Investigation ("FBI") and United States Citizenship and Immigration Services ("USCIS") for further processing of plaintiff's application, or that the matter be held in abeyance while such processing is completed. The motion is fully briefed and ripe for disposition.

**I.     BACKGROUND**

The following facts appear to be undisputed.  Plaintiff is a citizen of Ethiopia who was granted refugee status and became a lawful permanent resident of the United States on March 9, 1999.  Compl. (Dkt. # 1), ¶ 4 & Ex. 1 thereto.  He filed an application for naturalization (Form N-400) with the required application fee on December 15, 2003 and was interviewed by USCIS in connection with his application on May 5, 2004, at which time he successfully completed the required English and Civics exams.  *Id.,* ¶ 5 & Exs. 2–3 thereto.  However, plaintiff's application was not approved at that time, and is still pending, because the FBI has not yet completed a mandatory "name check."  *Id.,* ¶ 7 & Ex. 3.  USCIS initially requested the name check on December 22, 2003 (Ex. 2 to Pl.'s Resp.), and as of April 9, 2007, USCIS had not requested that plaintiff's name check be expedited.  Status Report (Dkt. # 16).  However, at some point between April 9 and August 1, 2007, USCIS apparently did request that the FBI expedite the name check.  Status Report (Dkt. # 18).

Plaintiff claims defendants failed to adjudicate his naturalization application within 120 days after the May 5, 2004 examination, as required by 8 C.F.R. § 335.3(a).  Plaintiff therefore asks this Court to determine the application under 8 U.S.C. § 1447(b) or, alternatively, to remand the matter to USCIS for a prompt determination.  Defendants have moved to dismiss the case for lack of jurisdiction.  For the reasons set forth below, the Court holds that it has jurisdiction over this matter under 8 U.S.C. § 1447(b) and denies the motion.

## II.     NATURALIZATION PROCEDURES

The procedural requirements for naturalization applicants are governed largely by regulation. An applicant must first file a completed Form N-400 application for naturalization. 8 C.F.R. § 334.2(a). After the application is filed, USCIS "shall conduct an investigation of the applicant." *Id.* § 335.1. In addition, the applicant "shall appear in person before a [USCIS] officer" for an examination that "shall encompass all factors relating to the applicant's eligibility for naturalization." *Id.* § 335.2(a); *see also* 8 U.S.C. § 1446(b). Prior to the initial examination, the FBI must conduct a "full criminal background check" of the applicant and provide USCIS with a "definitive response" that the check has been completed. 8 C.F.R. § 335.2(b).[1] USCIS requires the completion of four separate background checks: (1) a Department of Homeland Security records check; (2) an FBI fingerprint check; (3) an Interagency Border Inspection System check; and (4) an FBI name check. Decl. of James Burke, ¶ 2, Ex. A to Def.s' Mot. Although the record reflects a processing backlog at the FBI for such background checks, *id.*, ¶ 17, according to a fact sheet issued by USCIS in April 2006, "[l]ess than one percent of cases subject to an FBI name check remain pending longer than six months." Ex. B to Def.s' Mot. at 2. In addition, the regulations provide that a decision on a naturalization application "shall be made at the time of the initial examination or within 120 days after the date of the initial examination of the applicant for naturalization under § 335.2." 8 C.F.R. § 335.3(a).

---

[1] In this case, contrary to its regulations, USCIS conducted an examination of plaintiff before the background check had been completed. *See Mahd v. Chertoff*, Slip Copy, 2007 WL 891867, at *1 n.2 (D. Colo. March 22, 2007).

3

## III.     ANALYSIS OF MOTION TO DISMISS

Plaintiff's principal basis for challenging defendants' failure to determine his naturalization application in this Court is section 336(b) of the INA, which provides:

> If there is a failure to make a determination under section 1446 of this title [as to whether the naturalization application should be granted or denied] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter.

8 U.S.C. § 1447(b). Plaintiff alleges the Court has jurisdiction under this statute because well over 120 days have elapsed since plaintiff's initial examination took place on May 5, 2004. Defendants, however, argue the Court lacks jurisdiction over this matter because the term "examination" as utilized in § 1447(b) refers to the entire investigative process, not just the initial interview. Because plaintiff's background checks have not been completed, defendants contend, the full "examination" by USCIS is not yet complete, the 120-day period has not yet begun to run, and the Court lacks jurisdiction over the case.

In support of their position, defendants cite a single district court case, *Danilov v. Aguirre*, in which the court held that the requisite "examination" consisted of the entire investigative process. 370 F. Supp. 2d 441, 443–44 (E.D. Va. 2005). The court noted that the statute provides that an examination may include the issuance of subpoenas, and that the regulations require completion of an FBI background check before the examination may be completed. *Id.* The court in *Danilov* also concluded that USCIS

had not violated § 335.2 by conducting an interview of the applicant before the required FBI background check was completed because the interview did not constitute the "initial examination" contemplated by the regulation. *Id.* at 444 n.6.

*Danilov* is inconsistent with the vast majority of district courts that have addressed this issue, including several in this district, which hold that the 120-day period commences on the date the applicant appears for an interview with USCIS. *Salhi v. United States Citizenship & Immigration Servs.*, Slip Copy, 2007 WL 2697462 (D. Colo. Sep. 11, 2007); *Mahd v. Chertoff*, Slip Copy, 2007 WL 891867 (D. Colo. March 22, 2007); *Juwale v. United States Citizenship & Immigration Servs.*, Slip Copy, 2007 WL 622227 (D. Colo. Feb. 23, 2007); *see also e.g. Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 840–41 (E.D. Mich. 2006); *Daami v. Gonzalez*, 2006 WL 1457862, at *5 (D.N.J. May 22, 2006) (observing that *Danilov* "stands alone" in its reading of the statute and citing cases from the District of Oregon and the District of Minnesota in support).[2]

As three other judges in this district have concluded, the Court agrees with the majority view on this issue. The statutory language in section 1447(b) provides that the 120-day period commences on "*the date* on which the examination is conducted," contemplating an identifiable date rather than an ongoing process. *Khelifa*, 433 F. Supp. 2d at 841 (emphasis in original); *Mahd*, 2007 WL 891867, at *2. In addition, "the regulation entitled 'Examination of applicant' indicates that the requisite exami-

---

[2] A subsequent order issued by a different judge of the same court that decided *Danilov* also reached this conclusion. *Manzoor v. Chertoff*, 472 F. Supp. 2d 801, 806–07 (E.D. Va. 2007).

nation consists of the applicant's 'appear[ance] in person before a Service officer designated to conduct examinations.'" *Khelifa*, 433 F. Supp. 2d at 841 (quoting 8 C.F.R. § 335.2(a)) (alteration in original).  Such language further undermines defendants' attempt to equate the "examination" with an ongoing investigative process. *See id.*; *Mahd*, 2007 WL 891867, at *2.  Finally, because the regulations provide that an applicant will be notified "to appear for initial examination only after the Service has received a definitive response from the [FBI] that a full criminal background check of an applicant has been completed," the regulations contemplate that "the background check is independent from, as opposed to a part of, the 'examination' that is described in [the] regulation."  *Khelifa*, 433 F. Supp. 2d at 841 (citing 8 C.F.R. § 335.2(b)).

Accordingly, the Court holds that the 120-day period contemplated in § 1447(b) commenced on May 5, 2004, the date plaintiff appeared for his initial interview with USCIS.  Because more than 120 days have elapsed and USCIS has not yet issued a decision on plaintiff's naturalization application, the Court has jurisdiction over this matter, and defendants' motion to dismiss is DENIED.  It is further ORDERED that this matter is set for a hearing on plaintiff's naturalization application on **Monday, November 26, 2007 at 10:00 a.m.**  Should the parties notify the Court no later than November 19, 2007 that USCIS has issued a decision on plaintiff's application, the hearing will be vacated.

**IV.   CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows:

1. Defendants Motion to Dismiss (Dkt. # 9) is DENIED.

2. This matter is set for a hearing on plaintiff's naturalization application before the undersigned in the U.S. District Courthouse, Courtroom A602, 6th Floor, 901 19th Street, Denver, Colorado, on **Monday, November 26, 2007 at 10:00 a.m.**

3. Should the parties notify the Court no later than November 19, 2007 that USCIS has issued a decision on plaintiff's application, the hearing will be vacated.

DATED: September 20, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge